IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BELL,     Plaintiff | ) ) ) |
| v. | ) ) ) |
| JOHN SKENDALL, et al.,     Defendants. | ) ) ) |

C.A. 11-310 Erie

Magistrate Judge Baxter

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter.

### I.     INTRODUCTION

#### A.     Relevant Procedural and Factual History

On December 13, 2011, Plaintiff Steven Bell, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: John Skendall, SNU Unit Manager at SCI-Albion ("Skendall"); Michael Harlow, Superintendent at SCI-Albion ("Harlow"); Wendell Pazt, SNU Psychiatrist at SCI-Albion ("Pazt"); and Maxine Overton, Health Care Administrator at SCI-Albion ("Overton"). Plaintiff alleges that Defendants violated his rights under the eighth and fourteenth amendments to the United States Constitution.[1] In particular, Plaintiff alleges that Defendants Skendall and Pazt moved him off the Special Needs Unit ("SNU") despite his need for mental health treatment, Defendant Overton refused him medical care, and Defendant Harlow "allowed all this to happen...." (ECF No. 3, Complaint, at Section IV.C.). As relief for his claims, Plaintiff seeks monetary damages.

---

[1] Plaintiff also cites the Fifth Amendment; however, the Fifth Amendment only applies to actions against federal actors and is, thus, not applicable here.

On March 12, 2012, Defendants filed a motion to dismiss [ECF No. 10], asserting that Plaintiff has failed to exhaust his administrative remedies. Plaintiff has since filed a response to Defendant's motion, which includes a motion for leave to file an amended complaint. [ECF No. 15]. This matter is now ripe for consideration.[2]

### B.     Standard of Review
#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is

---

[2] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 4 and 8].

plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and

should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## II. DISCUSSION

### A. Exhaustion

#### 1. Exhaustion Requirement of the Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:
> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility *until such administrative remedies as are available are exhausted*.

Id. (Emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3] The exhaustion requirement is not a

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of

technicality, rather it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

According to the U.S. Supreme Court, the PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387-2388 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id.

A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). It is the burden of a defendant asserting the defense to plead and prove it. Id.

### b. Procedural Default Component

---

courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004).[4] The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231.

To exhaust the administrative remedies within the DOC's grievance system, a grievance must be appealed through all administrative levels of appeal at the inmate's institution and the DOC inmate-initiated grievances must follow the procedures set forth in Administrative Directive 804 ("DC-ADM 804"), which is included as part of the inmate handbook distributed to each inmate. The first step in the grievance process is for the inmate to file a claim with the institution's grievance officer. The grievance officer will investigate a grievance and provide the inmate with an Initial Review Response, which includes "a brief rationale, summarizing the

---

[4] There is a split of authority among the Circuits on this issue. Compare Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004), Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

conclusions and any action taken or recommended to resolve the issues raised in the grievance." DC-ADM 804 VI(B)(4).  If the inmate is not satisfied with the Initial Review Response, there are two levels of appeal he must pursue to exhaust his claim: (1) an appeal within five days of his receipt of the Initial Review Response to the prison superintendent and, if the appeal is denied, (2) an appeal to the DOC Secretary's Office of Inmate Grievances and Appeals ("DOC Secretary").  DC-ADM 804 VI(C)(1).

### c.  Exhaustion and Procedural Default Applied

Defendants contend that Plaintiff has failed to exhaust his administrative remedies with regard to his claims.  In support of this contention, Defendants have submitted the Declaration of Leilani Sears, an Administrative Officer II in the DOC Secretary's Office of Inmate Grievances and Appeals ("SOIGA"), who declares, in pertinent part, as follows:

> 9.  I have reviewed SOIGA's records of inmate Steven Bell, GH-6029.  These records show that Plaintiff has not properly appealed any grievance to final review.

(ECF No. 10-1, Sears Declaration, at ¶ 9).

In his response, Plaintiff fails to address Defendant's argument that he failed to exhaust his administrative remedies.  Plaintiff does not even make the affirmative statement that he did, in fact, appeal a relevant grievance to final review.  Instead, Plaintiff simply cites legal authority in support of his constitutional claims, and then moves to amend his complaint to change his request for relief and to clarify his claims.  Such an amendment would be futile, however, in light of the fact that Plaintiff has failed to exhaust his administrative remedies.

Based on the foregoing, therefore, Defendants' motion to dismiss will be granted and this case will be dismissed.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BELL,<br>    Plaintiff<br><br>  v.<br><br>JOHN SKENDALL, et al.,<br>    Defendants. | )<br>)<br>)  C.A. 11-310 Erie<br>)<br>)  Magistrate Judge Baxter<br>)<br>)<br>) |

## **ORDER**

  AND NOW, this 13th day of April, 2012,

  IT IS HEREBY ORDERED as Defendants' motion to dismiss [ECF No. 10] is GRANTED, and Plaintiff's motion for leave to amend complaint [part of ECF No. 15] is DISMISSED as futile.

  The Clerk is directed to mark this case closed.

              /s/ Susan Paradise Baxter
              SUSAN PARADISE BAXTER
              United States Magistrate Judge